# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ELROY CARTER,

    Plaintiff,

v.

AARON PINEIRO, et al.,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-38

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's May 7, 2019 Order to furnish the Court with his prison trust fund account statement and his consent to collection of fees from that account. Doc. 4. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for Plaintiff's failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

On May 6, 2019, Plaintiff brought this 42 U.S.C. § 1983 action while confined at Rogers State Prison in Reidsville, Georgia. Doc. 1. On May 7, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis*. Doc. 4. In that Order, the Court instructed Plaintiff to furnish the Court with a statement of his prison trust fund account and the consent to collection of fees from that account pursuant to 28 U.S.C. § 1915(b)(1). Id. at 2–3. The Court explained that if Plaintiff failed to complete and return these forms or otherwise respond to the Court's

directives by June 6, 2019, the Court would dismiss this case without prejudice for failure to prosecute and follow this Court's Orders. Id. at 4.

On May 7, 2019, the Clerk of Court mailed a copy of the Court's Order to Plaintiff at his last known place of incarceration, and the Order was not returned to the Court as undeliverable or otherwise failing to reach Plaintiff. However, the Court has not received the requested forms from Plaintiff or any pleading from Plaintiff which is responsive to that Order. Plaintiff has not filed any pleadings with this Court since he filed this action on May 6, 2019.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directives. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.     Dismissal for Failure to Prosecute and Failure to Follow this Court's Order**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

---

[1]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Here, the Court forewarned Plaintiff that failure to abide by this Court's Order could result in the dismissal of his Complaint. Doc. 4 at 4.

2

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205

3

F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to provide the Court with his consent to collection of fees and his trust account statement, as directed, the Court is unable to move forward with this case, as it cannot collect the required statutory fees. See 28 U.S.C. § 1915. Moreover, Plaintiff was given ample time to follow the Court's directive, and Plaintiff has not made any effort to do so or to inform the Court as to why he cannot comply with its directives. Indeed, Plaintiff has not taken any action in this case since he filed his Complaint and motion to proceed *in forma pauperis* on May 6, 2019.[2]

Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to prosecute and failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a

---

[2]    Plaintiff also filed an inmate account statement the same day. Doc. 3.

frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.  I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of July, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA